UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMANY DEVON THOMAS,<br><br>**Plaintiff,**<br><br>v.<br><br>DENNY'S RESTAURANT, CORP., *et al.*,<br><br>**Defendants.** | 1:15-cv-001113 LJO SKO<br><br>**MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER**<br>**(Doc. 5)** |

Jermany Devon Thomas ("Plaintiff"), who is proceeding *pro se* and *in forma pauperis*, filed this action on July 20, 2015 against Denny's Restaurant, Corp. ("Denny's" or "Defendant"). Doc. 1. On August 3, 2015, the Court received a document entitled "Complaint for Temporary Restraining Order, Prohibitory and Permanent Injunctions, and Damages." Doc. 5. The August 3, 2015 filing appears to concern a separate case Plaintiff filed in this District on June 1, 2015, *Jermany Devon Thomas v. Fresno City College, et al.*, 1:15-cv-00826 LJO BAM, as the document only references Fresno City College, not Denny's. *See* Doc. 5. To the extent this document may be construed as being directed at this case (and therefore at Denny's) and interpreted as a motion for a temporary restraining order ("TRO"), any such motion is DENIED for the reasons set forth below, as the requirements for a TRO have not been established.

A party seeking preliminary injunctive relief, such as a TRO, "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Defense Council, Inc*., 555 U.S. 7, 20 (2008) (citations omitted). In addition, a motion for a TRO is also subject to Eastern District of California Local Rule 231, which provides, among other things:

> In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

E.D. Cal. Local Rule 231(b). In addition, the moving party is required to provide, among other things "a brief on all relevant legal issues presented by the motion;" and "an affidavit in support of the existence of an irreparable injury." E.D. Cal. Local rule 231(c).

Although the factual underpinnings of Plaintiff's allegations are not entirely clear, the Complaint in this case appears to allege that Plaintiff was an employee of Denny's and that on January 17, 2015 several individuals, possibly co-workers of Plaintiff, made oral statements to entering guests about Plaintiff that plaintiff found offensive and believes were unlawful. Doc. 1 at 3-4.  Plaintiff also claims to have filed a formal complaint with his superiors that Denny's intentionally discriminated against him on the basis of his alleged disability, Asperger's Syndrome. Doc. 1 at 3. The exact nature of the discrimination is unclear.

However, nowhere in either the Complaint or his August 3, 2015 filing does Plaintiff explain how he is likely to succeed on the merits of his claims; how the extraordinary relief of a TRO will prevent irreparable injury to him; or why, even assuming, *arguendo*, irreparable injury is ongoing, he could not have sought emergency relief at an earlier date, particularly in light of the fact that the only

date mentioned in the Complaint is January 17, 2015, more than six months ago. Therefore, the Court finds no basis for the issuance of a TRO.

## CONCLUSION AND ORDER

To the extent Plaintiff's August 3, 2015 filing may be construed as a request for a TRO, any such motion is DENIED. The Magistrate Judge shall proceed to screen the complaint according to normal procedures applicable to *in forma pauperis* cases.

IT IS SO ORDERED.

Dated:   **August 6, 2015**                              /s/ Lawrence J. O'Neill
                                                                            UNITED STATES DISTRICT JUDGE