# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMANY DEVON THOMAS, | Case No. 1:15-cv-01113-LJO-SKO |
| Plaintiff, | |
| v. | **ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |
| DENNY'S RESTAURANT, | |
| Defendant. | |

## I. INTRODUCTION

On July 20, 2015, Plaintiff filed a complaint alleging four causes of action against Defendant Denny's Restaurant, Corp. ("Denny's"). (Doc. 1). Plaintiff also filed an application to proceed *in forma pauperis*, but the Court deemed it incomplete and ordered Plaintiff to file an amended application. On August 13, 2015, Plaintiff filed an amended application to proceed *in forma pauperis*, which was granted. On September 18, 2015, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. 9.) As Plaintiff is proceeding *in forma pauperis*, the FAC has been

screened pursuant to 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's FAC is dismissed without prejudice and with leave to file an amended complaint.

## II.   FACTUAL BACKGROUND

The complaint alleges Plaintiff is disabled as defined by the Americans with Disabilities Act ("ADA") because he has been diagnosed with Asperger's Syndrome, which is a form of Autism. Plaintiff alleges that Denny's, his employer, discriminated against him on the basis of his disability. (Doc. 9, ¶¶ 4-5.) Plaintiff filed two "informal" complaints against his supervisors, and two "formal complaints" against his supervisors with an area field manager and with the Equal Employment Opportunity Commission. ("EEOC"). (Doc. 9, ¶ 5.) Plaintiff alleges he suffered an adverse employment decision because of the complaints he made, and he was subjected to a "very hostile working environment in which guests and employees alike deliberately attempted to force the plaintiff out of work by humiliation, general harassment, emotional abuse, and terror." (Doc. 9, ¶ 5.)

On January 17, 2015, Plaintiff alleges that someone named "Jessy" and "two potential enjoining adverse litigants in this matter" made disparaging statements to "entering guests" about Plaintiff which were "false and alarming." (Doc. 9, ¶¶ 7-9.)

## III.   DISCUSSION

**A.   Screening Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  "[A] complaint [that] pleads facts that is 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B.     Plaintiff's Claim Under the ADA is Insufficiently Pled**

Plaintiff's first cause of action appears to set out a claim under the ADA for retaliation he suffered as a result of conduct he engaged in which is protected under the ADA.  Plaintiff alleges that Denny's discriminated against him on the basis of his disability and his disability was a moving factor in Denny's making an adverse employment decision regarding Plaintiff.  More specifically, Plaintiff alleges he filed complaints against his supervisors complaining about an unspecified employment practice and was retaliated against by Denny's for that reason.

The ADA contains a provision prohibiting retaliation against an individual who has opposed an act or practice made unlawful by the ADA.

> No person shall discriminate against any individual because such individual has oppose any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

To sufficiently allege a retaliation claim for wrongful termination under the ADA, a plaintiff must allege facts sufficient to show (1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two.  *Brown v. City of Tucson*, 336 F.3d

3

1181, 1186-87 (9th Cir. 2003). Here, there are no facts alleged showing when Plaintiff engaged in protected activity, details about the protected activity, when the adverse employment action occurred, what individuals participated in the adverse employment action against Plaintiff, and facts showing a causal connection between the protected activity and the adverse employment action. Without allegations regarding these elements, Plaintiff's claim is not sufficiently pled and must be dismissed with leave to amend. *Iqbal*, 556 U.S. at 678 ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal citation and quotation marks omitted).

Plaintiff also cites to the California Fair Employment and Housing Act ("FEHA") in setting forth his first cause of action. Similar to Plaintiff's claim under the ADA, however, Plaintiff does not set forth sufficient facts to state a claim for retaliation under the FEHA. It is unclear what unlawful practices Plaintiff complained of to his supervisors, when these unlawful practices occurred, whether the adverse employment action taken against him was termination of his employment, and when the adverse employment action against him occurred. Without more factual details, Plaintiff has not stated a claim for relief under the FEHA.

**C.     Plaintiff's State Law Claim for Slander Per Se is Insufficiently Pled**

Plaintiff's second cause of action is slander per se. Plaintiff alleges that several unidentified individuals, possibly other Denny's employees, made disparaging comments about Plaintiff to entering guests that Plaintiff found offensive and believes are unlawful. (Doc. 9, ¶¶ 6-13.)

California Civil Code § 46 sets forth the types of false and unprivileged publications which constitute slander.

> Slander is a false and unprivileged publication, orally uttered, and also communications by radio or any mechanical or other means which:
> 1. Charges any person with a crime, or with having been indicted, convicted, or punished for crime;
> 2. Imputes in him the present existence of an infections, contagious, or loathsome disease;
> 3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing

4

      something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits;
4. Imputes to him impotence or a want of chastity; or
5. Which, by natural consequence, causes actual damage.

Cal. Civ. Code § 46.

To sufficiently plead a claim for slander per se, a plaintiff must allege that (1) a defendant made one or more statements identified in California Civil Code § 46 to a person other than the plaintiff, (2) these people reasonably understood the statement was about the plaintiff, (3) these people reasonably understood the statements to be true, and (4) the statements were false. California Civil Jury Instructions ("CACI") 1700.  There is some indication someone made reference to Plaintiff being an "AIDs victim," but it is not clear who made this statement or that those who heard the statements believed them to be true.   The defendants named in the caption of the complaint include HYE Foods, Jeff Rowland, and "Jessy," but only Denny's is definitively identified in the substance of the complaint.  Without more factual details, Plaintiff's claim for slander per se is not sufficiently pled and is DISMISSED without prejudice.  *Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal citation and quotation marks omitted).

**D.**     **Plaintiff's Claim for Invasion of Privacy is Not Sufficiently Pled**

Plaintiff's third cause of action is for invasion of privacy by placing him in a false light. Plaintiff alleges that unidentified individuals invaded his right to privacy by making false statements about his medical information and depicting him as an AIDs victim. (Doc. 9, ¶¶ 14-21.)

To sufficiently set forth a claim for an invasion of privacy by placing the plaintiff in a false light, a plaintiff must plead that (1) the defendant made a public disclosure of a fact about the plaintiff; (2) the fact disclosed was false and portrayed the plaintiff in a false light; (3) the false light in which the plaintiff was placed would be highly offensive to a reasonable person; and (4) the defendant had knowledge of or acted in reckless disregard of the falsity of the publicized fact and the false light in which the plaintiff would be placed or the defendant acted negligently in failing to learn whether the publicized fact placed the plaintiff in a false light; and (5) the public

5

disclosure caused the plaintiff to sustain damages. California Book of Approved Jury Instructions ("BAJI") No. 7.22.

While it appears the statement placing Plaintiff in a false light was that he had AIDs, it is not clear who made the statement and to whom it was published. Although the caption of the complaint names Jeff Rowland and "Jessy" without any last name, it is not clear whether either of these Defendants were responsible for the conduct alleged. Absent additional factual details, Plaintiff's claim is not sufficiently pled and is DISMISSED without prejudice. *Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal citation and quotation marks omitted).

### E. Plaintiff's Claim for Intentional Infliction of Emotional Distress

Plaintiff's fourth cause of action is for Intention Infliction of Emotional Distress. Plaintiff claims that when certain unidentified individuals made false statements about him, it caused him mental anguish and emotional distress. (Doc. 9, ¶¶ 22-25.)

To sufficiently allege a claim for emotional distress, a plaintiff must establish facts showing (1) the defendant's conduct was outrageous, (2) the defendant intended to cause the plaintiff emotional distress, (3) the plaintiff suffered severe emotional distress, and (4) the defendant's conduct was a substantial factor in causing the plaintiff's severe emotional distress. CACI No. 1600; *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (2009).

As with Plaintiff's other state law claims discussed above, Plaintiff does not identify what specific statements or conduct caused him emotional distress, who was responsible for these statements or conduct, what facts show the defendant intended to cause emotional distress to Plaintiff, and whether Plaintiff heard or witnessed the statements or conduct. Without additional factual allegations, Plaintiff's claim for intentional infliction of emotional distress is insufficiently pled and is DISMISSED without prejudice.

### F. Plaintiff May File An Amended Complaint

Plaintiff has failed to plead sufficient facts to state a claim against Denny's Restaurant. Plaintiff's state law claims relate to conduct of individuals who are not sufficiently identified and who are not named as defendants in the complaint. Despite these deficiencies, it is not clear that

6

Plaintiff cannot set forth viable claims with additional factual allegations. As such, Plaintiff is entitled to amend his complaint.

Plaintiff is advised that an amended complaint supersedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220 of the Local Rules of the United States District Court, Eastern District of California. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice and without leave to amend.

## IV.   CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's complaint does not state a claim upon which relief can be granted. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED without prejudice and with leave to amend;
2. Plaintiff shall file an amended complaint within 30 days from the date of this order; and
3. If Plaintiff fails to file an amended complaint or cure the deficiencies above, the complaint will be recommended for dismissal.

IT IS SO ORDERED.

Dated:   **September 30, 2015**              **/s/ Sheila K. Oberto**
                                             UNITED STATES MAGISTRATE JUDGE

7