# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMANY DEVON THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>DENNY'S RESTAURANT,<br><br>    Defendant. | Case No. 1:15-cv-01113-DAD-SKO<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND AS MOOT**<br><br>**(Doc. 15)** |

## I. INTRODUCTION

On July 20, 2015, Plaintiff, proceeding pro se and *in forma pauperis*, filed a complaint alleging four causes of action against Defendant Denny's Restaurant, Corp. ("Denny's"). (Doc. 1). On September 18, 2015, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. 9.) As Plaintiff is proceeding *in forma pauperis*, the FAC was screened pursuant to 28 U.S.C. § 1915, and was dismissed with leave to amend. On November 23, 2015, Plaintiff filed a Second Amended Complaint ("SAC"). (Doc. 14.) On December 2, 2015, Plaintiff filed a motion to amend the complaint. (Doc. 15.) For the reasons set forth below, Plaintiff's SAC is DISMISSED with leave to amend.

## II. FACTUAL BACKGROUND

Although bereft of specific factual allegations, it appears Plaintiff's claims arise out of his prior employment at Denny's restaurant where an employee and two customers made disparaging remarks to or about Plaintiff in January 2015. Plaintiff also alleges that his employment was terminated when he complained about the existence of a conspiracy against him. He alleges that he faces threats of the loss of life because of malicious participation in a "state[-]created danger." (Doc. 14, p. 4.)

## III. DISCUSSION

**A.  Screening Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that is 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.*

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B.     Plaintiff's Claim under the California Constitution is Not Viable**

Plaintiff's first claim asserts that H.Y.E. Foods (also known as Denny's) and the general manager of the Denny's restaurant in Hanford, California, as well as "Jessy," Doe 1, and Doe 2, violated Article I, Section 7(a) of the California Constitution "in that said defendant(s) did willfully and unlawfully deprive plaintiff(s) Jermany Devon Thomas of liberty, happiness, and privacy, without due process of law." (Doc. 14, p. 5.)

Beyond the fact that the allegations of the violation of the California Constitution are so minimal that the character of the claim is not decipherable, Plaintiff seeks only money damages for this violation. Article I, Section 7(a) does not afford a right to money damages. *Katzberg v. Regents of University of California*, 29 Cal. 4th 300, 317 (2002). The claim shall be dismissed as the relief requested is not available. *Id.*; *see also Roy v. Cnty. of L.A.*, __ F. Supp. 3d __, 2015 WL 4275391, at * 8 (C.D. Cal. July 9, 2015).

**C.     Plaintiff's Federal Claims Are Not Cognizable**

**1.     Claims under 42 U.S.C. §§ 1985 and 1986 Are Not Cognizable**

Plaintiff asserts that Defendants collectively conspired for the purpose of depriving Plaintiff of privileges and immunities under the law in violation of 42 U.S.C. § 1985(3). (Doc. 14, p. 5.) Section 1985 prohibits conspiracies to interfere with certain civil rights. A claim under Section 1985 must allege facts supporting an allegation that the individual defendants conspired. "A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff's SAC does not state any facts supporting a conspiracy claim by any of the Defendants.

"Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation." *Karim-Panahi*, 839 F.2d at 626. As such, a claim under Section 1986 is only viable if the complaint states a cognizable Section 1985

3

claim. Here, Plaintiff has not stated a viable Section 1985 claim, and thus the Section 1986 claim is likewise not cognizable.

**D.     Plaintiff's Claims under the California Penal Code Are Not Viable**

Several of Plaintiff's claims are based upon asserted violations of the California Penal Code. Specifically, Plaintiff alleges violation of California Penal Code Sections 415(3) (count four),[1] 422 (count 5),[2] 422.6(a) (count 6),[3] 518 (count 7),[4] 182 (count 8), 653(f) (count 9),[5] 630 (count 14),[6] and 146 (count 16).[7] These claims are not cognizable. Plaintiff has not established that any of these California Penal Code sections permits a private right of action. Generally, legislative intent determines whether a statute or constitutional provision provides for a private right of action. *See Katzberg v. Regents of Univ. of Cal*, 29 Cal. 4th 300, 317 (2002); *see also Animal Legal Defense Fund v. Mendes*, 160 Cal. App. 4th 136, 141-43 (2008) ("If we determine the Legislature expressed no intent either way, directly or impliedly, there is no private right of action."). As none of these California Penal Code sections is actionable by a private individual, the claims cannot be made viable through factual amendment, and they shall be dismissed. If these claims are included in an amended complaint, they will be recommended for dismissal with prejudice.

---

[1] Section 415 makes it a criminal offense to unlawfully fight in public or challenge another person to a fight, maliciously and willfully disturb another person by loud or unreasonable noise, or using offense words in a public place in a manner inherently likely to provoke an immediate violent reaction. This offense carries a jail sentence and/or a monetary fine upon conviction. There is no private right of action.

[2] Section 422 sets forth the elements of a criminal threat. There is no private right of action under this Section.

[3] Section 422.6 of the Penal Code regulates conduct that destroys real or personal property for the purpose of intimidating or interfering with the free exercise or enjoyment of a constitutional right. The potential penalties for conviction include jail time and/or monetary fines. There is no private right of action.

[4] Section 518 provides the definition of criminal extortion. There is no private right of action under this section.

[5] Section 653f pertains to criminal solicitation which is punishable by imprisonment and/or a monetary fine. There is no private right of action under this section.

[6] Section 630 contains a legislative finding and intent pertaining to the use of listening devices used by law enforcement agencies. There is no private right of action under this section.

[7] Section 146 pertains to public offers or a person pretending to be a public officer arrests or details a person against his will, seizes or levies upon property, or dispossesses any one of lands or tenements is guilty of a misdemeanor. There is no private right of action under this section.

**E. Remaining Claims**

    **1. Plaintiff's "Intent to Discriminate" Claim is Not Cognizable**

Plaintiff alleges generally in Count 10 of the SAC that Defendants intended to discriminate against him. Plaintiff states he performed all job duties required with no request for accommodation, other than requesting that his employer "take note of the ongoing conspiracy." (Doc. 14, p. 9.) Although Plaintiff's supervisor was informed of the "existence of discrimination" and harassment, the supervisor "continued administering the usual punishment in public." (Doc. 14, p. 9.) While it can be extrapolated from the complaint that "Jessy," a Denny's employee, and two Denny's customers made derogatory and/or harassing statements to or about Plaintiff on one occasion in January 2015, it is not clear how this constituted discrimination by Plaintiff's employer. Plaintiff alleges only one harassing incident, it is not clear when his supervisor was informed, and there are no facts showing other incidents of harassment after the supervisor was informed of the complained-of conduct or how Plaintiff was discriminated against by his employer as a result of this conduct. Additionally, no provision of law is identified for this claim. Both the Americans with Disabilities Act of 1990 ("ADA") and California's Fair Employment and Housing Act ("FEHA") provide causes of action for employment discrimination on the basis of disability, but Plaintiff has not set forth the legal authority for his "intent to discriminate" claim.

    **2. Plaintiff's Hostile Work Environment Claim is Not Cognizable**

Plaintiff does not identify the legal authority on which his hostile work environment claims based. Assuming this claim were cognizable under the ADA, there are insufficient facts pled to establish a discriminatorily hostile or abusive environment. Plaintiff alleges only that his work environment was "permeated with insult and ridicule that intentionally caused an extreme emotional abuse . . . ." (Doc. 14, p. 10.)

Additionally, to demonstrate an actionable hostile work environment claim under Title VII of the Civil Rights Act of 1964, the plaintiff must first have exhausted his Equal Employment Opportunity Commission ("EEOC") administrative remedies with respect to that claim. 42 U.S.C. § 2000e-5(e)(1); *Surrell v. Cal. Water Service Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008). After exhausting administrative remedies, "the plaintiff must show that her work environment was both

5

subjectively and objectively hostile; that is, she must show that she perceived her work environment to be hostile, and that a reasonable person in her position would perceive it to be so." *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1034 (9th Cir. 2005).

Plaintiff has not alleged specific facts showing how his work environment was hostile other than in general, unspecific statements.  Moreover, as to a claim under Title VII, Plaintiff has not alleged he exhausted his administrative remedies prior to filing suit.

### 3. Plaintiff's Claim For Retaliation under Title VII

Plaintiff appears to allege a retaliation claim against Defendants when they discovered he had filed a complaint in federal court.  The case to which Plaintiff refers was filed in the U.S. District Court for the Eastern District of California, 1:15-cv-00826-DAD-BAM.  That case names different and unrelated defendants.

Title VII prohibits employers from discriminating against an employee because that employee "has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assistance, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).  To set forth a prima facie case of retaliation, an employee must show that (1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

Here, Plaintiff has not alleged how filing a complaint against unrelated defendants in a completely separate action is a protected activity under Section 2000e.  There are also no facts alleged setting forth the timeframe for the filing of that complaint and the harassment he suffered as a result.  In sum, there is nothing linking the filing of a federal complaint in an unrelated case to the generalized allegations of harassment on the part of Defendants in this case.  Further, Title VII claims are subject to exhaustion requirements, as noted above. *See Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002) ("a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim").  This claim is insufficiently pled, and must be dismissed.

### 4. Plaintiff's 13th Claim for Slander Per Se is Insufficiently Pled

Plaintiff's thirteenth cause of action is slander per se. Plaintiff alleges that on January 17, 2015, a Denny's employee named Jessy and two other unidentified individuals made disparaging comments about Plaintiff to entering guests that Plaintiff found offensive and believes are unlawful. (Doc. 14, pp. 11-12.) They called him a "skunk" and, on other unspecified occasions, unidentified individuals referred to him as an AIDs victim and a pedophile.

California Civil Code § 46 sets forth the types of false and unprivileged publications which constitute slander.

> Slander is a false and unprivileged publication, orally uttered, and also communications by radio or any mechanical or other means which:
> 1. Charges any person with a crime, or with having been indicted, convicted, or punished for crime;
> 2. Imputes in him the present existence of an infections, contagious, or loathsome disease;
> 3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits;
> 4. Imputes to him impotence or a want of chastity; or
> 5. Which, by natural consequence, causes actual damage.

Cal. Civ. Code § 46.

To sufficiently plead a claim for slander per se, a plaintiff must allege that (1) a defendant made one or more statements identified in California Civil Code § 46 to a person other than the plaintiff, (2) these people reasonably understood the statement was about the plaintiff, (3) these people reasonably understood the statements to be true, and (4) the statements were false. California Civil Jury Instructions ("CACI") 1700. Although there is some indication someone made reference to Plaintiff being an "AIDs victim," it is not clear who made this statement or that those who heard the statement believed it to be true. Plaintiff does not allege how these comments tended to directly injure him with respect to his job and how he was damaged as a result. Without more factual details, Plaintiff's claim for slander per se is not sufficiently pled and is DISMISSED without prejudice. *Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a

7

formulaic recitation of the elements of a cause of action will not do.") (internal citation and quotation marks omitted).

### 5. Plaintiff's Claim for Invasion of Privacy is Not Sufficiently Pled

Plaintiff's fourteenth claim is for invasion of privacy by placing him in a false light. Plaintiff alleges that several unidentified individuals and Defendant Jessy invaded his right to privacy by making false statements about his medical information and depicting him as a victim of sexual abuse. (Doc. 14, p. 12.) Plaintiff alleges Defendants disseminated to the public that he was a "disease factor." (Doc. 14, p. 13.) Plaintiff claims he was injured because he lost his job.

To sufficiently set forth a claim for an invasion of privacy by placing the plaintiff in a false light, a plaintiff must plead that (1) the defendant made a public disclosure of a fact about the plaintiff; (2) the fact disclosed was false and portrayed the plaintiff in a false light; (3) the false light in which the plaintiff was placed would be highly offensive to a reasonable person; and (4) the defendant had knowledge of or acted in reckless disregard of the falsity of the publicized fact and the false light in which the plaintiff would be placed or the defendant acted negligently in failing to learn whether the publicized fact placed the plaintiff in a false light; and (5) the public disclosure caused the plaintiff to sustain damages.   California Book of Approved Jury Instructions ("BAJI") No. 7.22.

While it appears the statement placing Plaintiff in a false light was that he was the victim of sexual abuse, it is not clear who made the statement and to whom it was published or how it was published. Although Plaintiff generally alleges all Defendants participated in this conduct, it is not clear which of the Defendants were responsible for the conduct alleged or the circumstances surrounding the Defendants' publishing of this information to the public in some manner. Absent additional factual details, Plaintiff's claim is not sufficiently pled and is DISMISSED without prejudice. *Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal citation and quotation marks omitted).

### 6. Plaintiff's Claim for Intentional Infliction of Emotional Distress

Plaintiff's fifteenth cause of action is for Intention Infliction of Emotional Distress. Plaintiff claims that when certain unidentified individuals made false statements about him, it caused his *family* mental anguish and emotional distress. (Doc. 14, pp. 13-14.)

To sufficiently allege a claim for emotional distress, a plaintiff must establish facts showing (1) the defendant's conduct was outrageous, (2) the defendant intended to cause the plaintiff emotional distress, (3) the plaintiff suffered severe emotional distress, and (4) the defendant's conduct was a substantial factor in causing the plaintiff's severe emotional distress. CACI No. 1600; *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (2009).  The California Supreme Court has also held that only "closely related percipient witnesses" may seek damages for emotional distress caused by observing the negligent inflicted injury of a third person and specifically limited recovery to a plaintiff who is "present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim." *Thing v. La Chusa*, 48 Cal. 3d 644, 647 (1989).

As with Plaintiff's other state law claims discussed above, Plaintiff does not identify what specific statements or conduct caused emotional distress, who was responsible for these statements or conduct, and what facts show Defendants intended to cause emotional distress.  More importantly, Plaintiff has no standing to seek redress for the emotional distress of third parties – i.e., his family. *See Powers v.* Ohio, 499 U.S. 400, 410 (1991) ("In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.").  Plaintiff's claim for intentional infliction of emotional distress on his family is insufficiently pled and is DISMISSED.

**F.   Plaintiff May File an Amended Complaint**

Plaintiff has failed to plead sufficient facts to state a claim against any Defendant. Plaintiff's claims relate to unspecific conduct of individuals who are not sufficiently identified. Despite these deficiencies, it is not clear that Plaintiff cannot set forth any viable claims without additional factual allegations.  The Court will permit Plaintiff a final attempt to amend his complaint.

Plaintiff is advised that an amended complaint supersedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220 of the Local Rules of the United States District Court, Eastern District of California. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice and without leave to amend.

**G.     Plaintiff's Motion to Amend is DENIED as Moot**

On December 12, 2015, after filing his Second Amended Complaint, Plaintiff filed a motion to amend. (Doc. 15.) Plaintiff seeks to amend his pleading to "condense and implement the respective civil rights statutes related to [his] claim." (Doc. 15.) As Plaintiff has been given leave to amend his complaint one final time pursuant to the Court's screening, Plaintiff's motion to amend is DENIED as moot.

### IV.     CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's complaint does not state a claim upon which relief can be granted. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED without prejudice and with leave to amend;
2. Plaintiff's motion to amend is DENIED as moot;
3. Plaintiff shall file an amended complaint within 30 days from the date of this order; and
4. If Plaintiff fails to file an amended complaint or cure the deficiencies above, the complaint will be recommended for dismissal.

IT IS SO ORDERED.

Dated:   **December 30, 2015**             /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE

10