# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMANY DEVON THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>DENNY'S RESTAURANT,<br><br>Defendant. | Case No. 1:15-cv-01113-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFF'S COMPLAINT AND CLOSE THIS ACTION**<br><br>**(Doc. 18)**<br><br>**OBJECTIONS DUE 21 DAYS** |

## I. INTRODUCTION

On July 20, 2015, Plaintiff, proceeding pro se and *in forma pauperis*, filed a complaint alleging four causes of action against Defendant Denny's Restaurant, Corp. ("Denny's"). (Doc. 1). On September 18, 2015, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. 9.) As Plaintiff is proceeding *in forma pauperis*, the FAC was screened pursuant to 28 U.S.C. § 1915, and was dismissed with leave to amend. On November 23, 2015, Plaintiff filed a Second Amended Complaint ("SAC"), which was also dismissed without prejudice. (Doc. 14.) On February 1, 2016, Plaintiff filed a third amended complaint ("TAC"). (Doc. 15.)

For the reasons set forth below, the undersigned RECOMMENDS (1) Plaintiff's claims against Denny's Restaurant, Corp., HYE Foods, Jeff Rowland, and "Jessy" be dismissed with prejudice; (2) the claims against all defendants identified in the TAC be DISMISSED without prejudice to refiling in a separate lawsuit; and (3) this case be closed.

## II.   FACTUAL BACKGROUND

Plaintiff's original complaint was filed on July 20, 2015, naming Denny's Restaurant Corp. as a Defendant. (Doc. 1.) Plaintiff's motion to proceed in forma pauperis was granted on July 31, 2015, and Plaintiff filed a First Amended Complaint on September 18, 2015. (Doc. 9.) The substantive allegations of the FAC identified Denny's Restaurant, Corp., HYE Foods, Jeff Rowland, and "Jessy" as Defendants (collectively "Denny's Defendants") who were alleged to have slandered and discriminated against Plaintiff during his course of employment at Denny's. (Doc. 9.)

In screening Plaintiff's complaint pursuant to 28 U.S.C. 1915, the Court summarized the factual allegations as follows:

> The complaint alleges Plaintiff is disabled as defined by the Americans with Disabilities Act ("ADA") because he has been diagnosed with Asperger's Syndrome, which is a form of Autism. Plaintiff alleges that Denny's, his employer, discriminated against him on the basis of his disability. (Doc. 9, ¶¶ 4-5.) Plaintiff filed two "informal" complaints against his supervisors, two "formal complaints" against his supervisors with an area field manager and with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 9, ¶ 5.) Plaintiff alleges he suffered an adverse employment decision because of the complaints he made, and he was subject to a "very hostile work environment in which guests and employees alike deliberately attempted to force the plaintiff out of work by humiliation, general harassment, emotional abuse, and terror." (Doc. 9, ¶ 5.)
>
> On January 17, 2015, Plaintiff alleges that someone named "Jessy" and "two potential enjoining adverse litigants in this matter" made disparaging statements to "entering guests" about Plaintiff which were "false and alarming." (Doc. 9, ¶¶ 7-9.)

(Doc. 10, 2:4-16.) On September 30, 2015, the Court issued an order dismissing Plaintiff's complaint for failure to state a cognizable claim under the ADA or any state law claims. (Doc. 10.)

On November 23, 2015, Plaintiff filed an SAC which attempted to set forth several additional claims against the named Defendants.  No claims were found cognizable against the Denny's Defendants, and Plaintiff's complaint was against dismissed with a final opportunity to amend.  (Doc. 17.)

On February 2, 2016, Plaintiff filed a TAC, but the case caption identifies the California Department of Corrections and Rehabilitation ("CDCR") as a defendant, and does not name any of the defendants originally named in this action.  (Doc. 18.)  In the body of the complaint, Plaintiff identifies other defendants, including Club One Casino; "MiMi," a supervisor employed by Club One Casino; Table 19 – a card dealer at Club One Casino; Susan Rodriquez, a state parole agent employed by CDCR; Doe 3, a staff member employed by Regional Behavioral Health Center; Kevin Renshaw, a state parole agent; and Kevin Conrich, a state parole agent.  (Doc. 18, ¶¶ 8-15.)

Plaintiff alleges facts regarding an incident on October 2, 2015, when he received a "portion of a corrupted record" sent to Plaintiff by the California Department of Corrections Division of Adult Parole Operations.  (Doc. 18, ¶¶ 17-18.)  According to Plaintiff, the document "invaded [Plaintiff's] legally cognizable interest and would have been a basis to deny his right to a parent-child relationship as it was "absolutely false" and "completely alarming."  (Doc. 18, ¶¶ 17-18.)

Plaintiff next alleges facts related to an incident on June 3, 2015, when he was instructed by Susan Rodriquez, his parole officer, to be at the Visalia Rescue Mission where she would meet Plaintiff, but she "never showed."  (Doc. 18, ¶ 21.)  Plaintiff complained to Rodriquez that her "erratic instructions" continued to place him in danger.  On June 10, 2015, Plaintiff alleges Rodriquez seized Plaintiff without a warrant and transported him to Fresno County and confined him within a rehabilitation facility five days before summer classes began at Plaintiff's new school.  (Doc. 18, ¶ 23.)

Plaintiff then describes an encounter he had at Club One Casino where Plaintiff was disparaged by a card dealer.  (Doc. 18, ¶¶ 25-28.)  A casino supervisor then took Plaintiff's cellular phone, and Plaintiff was ejected from the casino.  (Doc. 18, ¶ 29.)

Plaintiff then describes an involuntarily detention for a psychological evaluation where he was involuntarily medicated. (Doc. 18, ¶¶ 30-33.) The remaining allegations are not entirely coherent. Plaintiff alleges various claims against these defendants under 42 U.S.C. §1983.

### III. DISCUSSION

**A. Screening Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that is 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B.      Plaintiff's Complaint Should Be Dismissed and this Case Should Be Closed**

      **1.      Claims Against Denny's Defendants Should Be Dismissed With Prejudice**

Regarding the Denny's Defendants, Plaintiff sets forth no allegations in his TAC related to their conduct.  These original Denny's Defendants are neither identified in the caption of the TAC nor in the substantive allegations; thus they are no longer parties to the case.  *Cf. Rice v. Hamilton Air Force Base Commissary*, 270 F.2d 1082, (9th Cir. 1984) ("a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant").  Additionally, none of the claims against the new defendants relate back to the original complaint because none of the claims in the TAC arise from the same conduct or transaction originally pled.  Fed. R. Civ. P. 15(c).

Federal Rule of Civil Procedure 8(a)(2) requires that all complaints contain a short and plain statement of the claim showing the pleader is entitled to relief.  After multiple opportunities to amend, it is clear Plaintiff cannot marshal sufficient facts to state any cognizable claim against the original Denny's Defendants.  *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).  As such, the claims against the Denny's Defendants should be dismissed with prejudice.

      **2.      Claims Against Defendants Named in the TAC Should Be Dismissed Without Prejudice to Refiling in a New Action**

The TAC includes unrelated claims against wholly unrelated defendants based on separate factual scenarios that occurred at different times and places.  The Federal Rules of Civil Procedure set forth the rules regarding joinder of parties. Under Rule 20, which governs joinder of parties, a plaintiff may join defendants if (1) any right to relief is asserted against them jointly, severally, or with respect to or arising out of the same transaction or series of transactions; and (2) there is a common question of law or fact to all defendants.  *See* Fed. R. Civ. P. 20(a)(2)(A), (B).  However, "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure" that any required filing fees are paid.  *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007).

Plaintiff's claims in the TAC pertain to defendants unrelated to the Denny's Defendants and do not conform with Rule 20. The defendants named in the TAC have no connection to the Denny's Defendants, and the allegations of the TAC do not relate to employment discrimination arising from events at a Denny's Restaurant, as originally pled.

For example, the TAC alleges conduct of various defendants during an incident at Club One Casino, but then asserts claims against parole agents and employees of CDCR related to wholly separate events occurring at wholly separate points in time. There are also allegations that appear related to professionals who administered care during Plaintiff's involuntary psychiatric hospitalization. (*See* Doc. 18, ¶ 12.) Because Plaintiff is alleging separate factual events that are unrelated, the claims against Club One Casino defendants belong in a separate complaint from the claims against various parole agents and employees of CDCR or from the claims against any professionals for care during any hospitalization, each subject to separate filing fees and screening requirements, if Plaintiff proceeds *in forma pauperis* in those separate actions.

In sum, the claims against the defendants named in the TAC should be dismissed without prejudice to refiling in new and separate complaints. *George*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits.").

### IV.   CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the undersigned finds Plaintiff's complaint does not state a claim upon which relief can be granted. Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims against Denny's Restaurant, Corp., HYE Foods, Jeff Rowland, and "Jessy" be dismissed with prejudice;
2. Plaintiff's claims against all defendants named in the TAC should be dismissed without prejudice to filing in a separate lawsuit; and
3. This action should be closed.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 9, 2016**                     **/s/ Sheila K. Oberto**
                                                UNITED STATES MAGISTRATE JUDGE

7